813 F.2d 1229
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
UNDE SEAL, Defendant-Appellant.
 No. 87-5801.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 5, 1987.
Decided March 11, 1987.
 
 Before HALL, SPROUSE and CHAPMAN, Circuit Judges.
 James W. Robertson, for appellant.
 E. Thomas Roberts, Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 This is an appeal from an order of the district court holding appellant, an individual whose identity has been sealed pursuant to Fed. R. Crim. P. 6, in contempt of an order to testify before a grand jury. Because appellant has shown no just cause for his refusal to comply with the order to testify, we affirm.[1]
 
 
 2
 Prior to his appearance before a federal grand jury investigating certain violations of the narcotics laws in the State of Maryland, appellant was granted immunity by the district court. The government was thereby barred from any use of his testimony in any future proceedings. Despite that grant of immunity, however, appellant asserted a fifth amendment right to silence and declined to answer the grand jury's inquiries.
 
 
 3
 Upon a motion by the United States Attorney, appellant was required to show cause why he should not be held in contempt pursuant to 18 U.S.C. Sec. 1826.[2] Concluding that appellant's proffered response was insufficient, the district court found him in contempt and placed him in custody until he would agree to testify.
 
 
 4
 Appellant stated below that he is currently attempting to withdraw a guilty plea entered on narcotics charges in the District of Columbia. If successful, his apparent intent is to raise a defense of entrapment on retrial. Although he has conceded that use and derivative-use immunity as granted in this case is generally sufficient to compel testimony when a witness asserts a fifth amendment privilege, Kastigar v. United States, 406 U.S. 441 (1972), appellant has argued that immunity will not adequately protect him from self-incrimination in this case. He has contended that the government will somehow use his Maryland grand jury testimony to refute his anticipated entrapment defense by demonstrating a predisposition to commit narcotics violations. We see absolutely no merit in this contention.
 
 
 5
 The government action that appellant supposedly fears is precisely the conduct precluded by a grant of immunity. Beyond appellant's wholly conclusory allegations, we see no reason to assume that the government would violate his immunity or that the court in the District of Columbia would allow it even if attempted.
 
 
 6
 In sum, appellant has failed to establish that his right to protection against self-incrimination was impaired in any fashion by the order to testify before the grand jury. upon consideration of the record and the appellee's brief, the district court's determination that appellant is in contempt is, therefore, affirmed.
 
 AFFIRMED
 
 
 [1]
 Appellant has failed to file a brief within the time limits established by this Court. Our examination of the record and the appellee's brief convinces us, however, that the issues in this appeal are adequately defined and ripe for disposition
 
 
 [2]
 28 U.S.C. Sec. 1826 states in pertinent part that:
 (a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify ..., the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony ....